Mathew K. Higbee, Esq., State Bar No. 241380
Hany Gonzalez, Esq., State Bar No. 335677
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8358
(714) 597-6559 facsimile
mhigbee@higbeeassociates.com
hgonzalez@higbeeassociates.com

*Attorneys for Plaintiff,*
TAMARA WILLIAMS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>GIRLACTIK INC.; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 2:21-cv-2870<br><br>**COMPLAINT FOR**<br><br>**(1) COPYRIGHT INFRINGEMENT** |

Plaintiff Tamara Wareka p/k/a Tamara Williams, for her Complaint against Defendants Girlactik Inc. and DOES 1 through 10 inclusive, alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This court has personal jurisdiction over Defendant because

Defendant's acts of infringement complained of herein occurred in the state of California, Defendant's acts of infringement were directed towards the state of California, Defendant caused injury to Plaintiff within the state of California, and Defendant has a physical presence in the state of California.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which substantial part of the acts and omissions giving rise to the claim occurred.

## PARTIES

5. Plaintiff Tamara Williams ("Williams") is an individual and professional photographer.

6. Defendant Girlactik Inc. ("Girlactik") is a California corporation with a business address of 18663 Ventura Blvd, Ste 207, Tarzana, CA 91356.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## FACTUAL ALLEGATIONS

8. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean model portraiture featured on her highly popular Instagram account @tamarawilliams1, which has amassed over 400,000 followers.

9. Williams' portfolio includes international clients and her work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Claire,*

*Elle, L'Officiel, Glamour, Cosmopolitan, Maxim*, and many more. Additionally, her work has been used commercially by brands such as *NARS, KKW, Fenty*, and *Benefit*.

10. Williams is the sole author and exclusive rights holder to one photograph of model Hanna Edwinson ("Edwinson Photograph").

11. Attached hereto as Exhibit A is a true and correct copy of the Edwinson Photograph.

12. Williams registered the Edwinson Photograph with the United States Copyright Office. The Edwinson Photograph is registered under Registration Number VA-2-116-920.

13. Defendant Girlactik is a makeup brand known for its signature long-lasting base and easy-to-use fine sparkles. In addition to marketing lipsticks, eye shadows, and other makeup products, Girlactik also markets beauty tools such as makeup brushes and sharpeners.

14. Girlactik has a major social following, which includes a highly engaged community of top beauty vloggers, celebrity makeup artists and influencers.

15. Girlactik maintains an Instagram page, https://www.instagram.com/girlactik/ under the handle @girlactik ("Instagram Page").

16. Williams is informed and believes Girlactik markets its products through its Instagram Page in order to attract user traffic and drive customer revenue.

17. On or about June 8, 2020, Williams discovered her Edwinson Photograph being used by Girlactik on its Instagram Page.

18. The caption of Girlactik's post of the Edwinson Photograph on Girlactik's Instagram Page lauded Girlactik's "newest Eye Glosser" and its ability to create a "runway-ready" glossy lid look.

19. Attached hereto as Exhibit B is a true and correct screenshot of the use of the Edwinson Photograph on Girlactik's Instagram Page.

20. Girlactik also maintains a Facebook page, https://www.facebook.com/girlactik ("Facebook Page").

21. Williams is informed and believes Girlactik markets its products through its Facebook Page in order to attract user traffic and drive customer revenue.

22. On or about March 24, 2021, Williams discovered her Edwinson Photograph being used by Girlactik on its Facebook Page.

23. The caption of Girlactik's post of the Edwinson Photograph on Girlactik's Facebook Page lauded Girlactik's "newest Eye Glosser" and its ability to create a "runway-ready" glossy lid look.

24. Attached hereto as Exhibit C is a true and correct screenshot of the use of the Edwinson Photograph on Girlactik's Facebook Page.

25. Williams is informed and believes that Girlactik used the Edwinson Photograph on its Instagram Page and Facebook Page to market its Eye/Lip Glosser and portray potential results of what can be achieved with use of its product.

26. Attached hereto as Exhibit D is a true and correct screenshot of Girlactik's Eye/Lip Glosser product, as referenced in the caption of Girlactik's post of the Edwinson Photograph on its Instagram Page and Facebook Page.

27. In no event did Williams offer Girlactik a license to use her Edwinson Photograph in any manner.

28. Williams is informed and believes Girlactik created unauthorized copies of the Edwinson Photograph.

29. Williams is informed and believes Girlactik uploaded the Edwinson Photograph to Girlactik's Instagram Page.

30. Williams is informed and believes Girlactik uploaded the Edwinson Photograph to Girlactik's Facebook Page.

31. Williams has made several attempts to settle this case prior to the filing of this Complaint.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 .S.C. § 101 *et seq.*

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Photograph.

34. Plaintiff is informed and believes and thereon alleges that said Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, because, *inter alia*, the Defendant also knew or should have known that they did not have a legitimate license for the Photograph.

35. As a result of Defendant's violation of Title 17 of the U.S. Code, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

36. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

37. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Photograph by copying, displaying, and distributing it without a license or consent;
- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;
- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;
- For pre judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated:     April 2, 2021                Respectfully submitted,

**s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8358
(714) 597-6559 facsimile
*Attorney for Plaintiff*